ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona

RAYMOND K. WOO
Arizona State Bar No. 023050
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona  85004
Telephone:  602-514-7500
Email: raymond.woo@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR- 15-0986-PHX-DGC |
| Plaintiff, | |
| vs. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| Murray John Lawson, | |
| Defendant. | |

The United States of America, through undersigned counsel, respectfully submits this sentencing recommendation for the Court's consideration.

Respectfully submitted this 26th day of October, 2017.

ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona

*s/  Raymond K. Woo*
RAYMOND K. WOO
Assistant U.S. Attorney

## SENTENCING MEMORANDUM

### A.  Factual History of the Offense

The United States agrees with the facts presented in the Presentence Investigation Report (PSR), and submits that they accurately reflect the Defendant's criminal conduct.  (PSR ¶¶ 11-63.)

### B.  PSR's Total Offense Level

According to the PSR, the Defendant's total offense level is calculated as follows:

a) The Defendant's Base Offense Level is 6 under U.S.S.G. § 2B1.1;

b) The Defendant received a 14-level increase for the loss associated with his conduct pursuant to U.S.S.G. § 2B1.1(b)(1)(H);

c) The Defendant received a 1-level increase for his conviction under 18 U.S.C. § 1957, pursuant to U.S.S.G. § 2S1.1(b)(2)(A);

d) The Defendant received a 2-level increase for employing sophisticated means, pursuant to U.S.S.G. § 2B1.1(b)(10)(B); and

e) The Defendant will receive a 3-level reduction for acceptance of responsibility. (PSR ¶¶ 72-81.)  As a result, the Defendant's total adjusted offense level is 20.  The Defendant has no prior criminal history and he faces an advisory guideline range of 33-41 months of imprisonment.

### C.  Plea Stipulations

The parties entered into three stipulations in the plea agreement.  First, the parties stipulated that his sentence would not exceed a term of 12 months and 1 day of imprisonment.  Second, the government agreed to recommend that the Court sentence the Defendant to probation.  And third, the Defendant agreed to make a $400,000 restitution payment to the victim, prior to August 16, 2016 -- a date associated with the original sentencing date.  The $400,000 lump sum payment was discussed with the victim.  She

understood the stipulation and agreed that the Defendant's restitution obligation to her would be satisfied if the payment was made.

For the Court's background, the government found it challenging to calculate a precise restitution amount.  Both parties agree that the Defendant did repay some of the victim's money.  However, neither the victim nor the Defendant could produce any documentation to show how much was actually returned.  As a result, the parties agreed to a restitution amount that the Defendant believed he could repay to the victim before the time of sentencing.

### D.    Recommendation

The government is recommending that the Court impose a term of probation.

There is little doubt that the Defendant's conduct was very serious.  Over the course of three years, the Defendant stole hundreds of thousands of dollars from the victim through an elaborate fraudulent scheme.  The Defendant convinced the victim that he was a successful foreign currency trader that could earn a 30-40 percent profit every year, and that he worked with James Prestwick, an attorney and former CIA officer, to send money from the United States to a trading account in Switzerland.  During the execution of the scheme, the victim received fraudulent emails from the Defendant -- and some in the name of "Prestwick"-- concerning her investments and the financial transactions that were allegedly being made on her behalf.  All of these emails gave the false impression that the victim's money was being invested and that she was reaping substantial financial gains.  In reality, the Defendant used nearly all of the victim's money to fund his own personal lifestyle.

The Defendant obviously engaged in serious criminal conduct that was sophisticated and harmful to the victim.  The government, however, is recommending that the Court impose a term of probation for the following reasons.  First, the Defendant's age and complete lack of criminal history weigh in favor of a probation resolution.  The

- 3 -

Defendant is 66-years old.  He has lived in the United States for over 20 years and has no criminal arrests or convictions in his background.  Second, the Defendant is facing significant immigration consequences for his crime.  The Defendant is a Canadian citizen who is residing in United States as a legal permanent residence.  The Defendant's conviction for Money Laundering will likely be considered an aggravated felony by immigration authorities; resulting in his loss of status and deportation to Canada.

Thus, for these two reasons, the government submits that a probation resolution is a reasonable one that will deter future criminal conduct, protect the public, and provide just punishment.

Respectfully submitted this 26th day of October, 2017.

ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona

s/Raymond K. Woo
RAYMOND K. WOO
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of October, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

James Sun Park.

/s Viviana Martinez

- 4 -